IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-01542-PAB-CBS

In re: CENTRIX FINANCIAL, LLC, et al.,

CENTRIX FINANCIAL LIQUIDATING TRUST, and
JEFFREY A. WEINMAN in his capacity as Trustee for the Centrix Financial
Liquidating Trust,

    Plaintiffs,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and
AIG DOMESTIC CLAIMS, INC.,

    Defendants.

## ORDER

This matter is before the Court on Plaintiffs' Motion to Reopen Administratively Closed Case[1] and to Set Dates for Trial [Docket No. 27] filed on January 29, 2013 by plaintiffs Centrix Financial Liquidating Trust (the "Trust") and Jeffrey A. Weinman, in his capacity as trustee. The Trust is the successor-in-interest to debtor Centrix Financial, LLC ("Centrix") and may bring adversary claims on its behalf. Bankruptcy Case No. 06-16403-EEB, Docket No. 1831 at Art. 10, ¶ A.

On March 13, 2009, plaintiffs filed an adversary complaint against defendants National Union Fire Insurance Company ("National Union") and AIG Domestic Claims, Inc. ("AIG") in the Bankruptcy Court for the District of Colorado, alleging that defendants

---

[1] The Court notes that this case was closed, not "administratively closed." See Docket No. 26.

breached a contract to insure Centrix against fraudulent actions by Centrix officers and employees. Docket No. 1 at 41-44, ¶¶ 89-105; *see generally* Bankruptcy Case No. 09-01150-EEB. Defendants filed a motion in this Court seeking to withdraw the reference to the bankruptcy court and obtain a jury trial on plaintiffs' adversary complaint. Docket No. 1. On January 7, 2011, the Court denied the motion on the grounds that the bankruptcy court was in a "better position to oversee the discovery process in this matter" as it had greater familiarity with the facts and circumstances of the case. Docket No. 26 at 10-11. The Court then closed the case. Docket No. 26 at 13.

On January 29, 2013, plaintiffs filed the instant motion, seeking to reopen the case and set dates for trial. Docket No. 27. Plaintiffs argue that "[d]iscovery is essentially closed and AIG's motion for summary judgment was denied." Docket No. 27 at 2, 3, ¶¶ 1, 5-7. Plaintiffs further state that this matter is time-sensitive because the health of one of the key witnesses is uncertain. *Id*. Plaintiffs concede for purposes of this case that AIG did not waive its right to a jury trial. Docket No. 27 at 2, ¶ 4.

In their response brief, defendants oppose plaintiffs' motion to reopen the case. Docket No. 28. Defendants argue that discovery is not complete and cite a motion to compel that was still pending at the time they filed their response. Docket No. 28 at 2, ¶ 2. However, on April 16, 2013, the bankruptcy court granted the motion to compel, ordering plaintiffs to produce all documents responsive to the bankruptcy court's December 12, 2012 Order or face monetary sanctions. No. 09-01150-EEB, Order Granting Motion to Compel [Docket No. 172] at 2. Furthermore, on April 22, 2013, plaintiffs filed a motion to consolidate this case with a related case in which a final pretrial conference is set for June 6, 2013. *See Centrix Financial Liquidating Trust v.*

*Sutton*, No. 09-cv-00088-PAB-CBS, Docket No. 34.

Under 28 U.S.C. § 157(d), the district court may withdraw its reference of a case to the bankruptcy court on motion of a party or on its own motion "for cause shown."  As the Court has stated previously, *see In re Centrix Financial, LLC*, 2009 WL 1605826 (D. Colo. June 8, 2009), while a party's right to a jury trial on some or all claims raised in an adversary proceeding may constitute cause for withdrawal of the reference to bankruptcy court, it is within the district court's discretion to determine at what stage in the proceedings the reference should be withdrawn.  *In re Orion Pictures*, 4 F.3d 1095, 1101 (2d Cir. 1993); *In re HealthCentral.com*, 504 F.3d 775, 787-88 (9th Cir. 2007) (noting that the bankruptcy "system promotes judicial economy and efficiency by making use of the bankruptcy court's unique knowledge of Title 11 and familiarity with the actions before them. . . . Only by allowing the bankruptcy court to retain jurisdiction over the action until *trial is actually ready* do we ensure that our bankruptcy system is carried out.") (emphasis in original); *In re Hardesty*, 190 B.R. 653, 656 (D. Kan. 1995).

As the bankruptcy court has ruled on the final discovery motion, there is no further efficiency to be gained from postponing the next phase of the proceedings.  *See In re Hardesty*, 190 B.R. at 656.  Moreover, reopening this case to permit consolidation with *Sutton* would "promote[] judicial economy and efficiency."  *In re HealthCentral.com*, 504 F.3d at 787-88.

Accordingly, it is

**ORDERED** that Plaintiffs' Motion to Reopen Administratively Closed Case and to Set Dates for Trial [Docket No. 27] is GRANTED.  It is further

**ORDERED** that, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b), this case is referred to Magistrate Judge Craig B. Shaffer to conduct such hearings and issue such orders that are necessary to prepare this matter for trial. On the recommendation or informal request of the magistrate judge or on the request of the parties by motion, this court may direct the parties to engage in an early neutral evaluation, a settlement conference, or another alternative dispute resolution proceeding.

DATED April 26, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge