IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-01542-PAB-CBS

In re: CENTRIX FINANCIAL, LLC, et al.,

CENTRIX FINANCIAL LIQUIDATING TRUST, and
JEFFREY A. WEINMAN in his capacity as Trustee for the Centrix Financial
Liquidating Trust,

    Plaintiffs,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and
AIG DOMESTIC CLAIMS, INC.,

    Defendants.

# ORDER

This matter is before the Court on four motions in limine [Docket Nos. 107-110] filed by plaintiffs Centrix Financial Liquidating Trust and Jeffrey A. Weinman (collectively, "Centrix" or "plaintiffs").

## I. BACKGROUND

On March 13, 2009, Centrix filed an adversary complaint against defendants in the Bankruptcy Court for the District of Colorado, alleging that defendants breached their obligation under a Fidelity Bond (the "fidelity bond" or "the bond") issued by defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") to insure Centrix against fraudulent actions by Centrix officers and employees. Docket No. 1 at 41-44, ¶¶ 89-105; *see generally* Bankruptcy Case No. 09-01150-EEB. Centrix alleges that it suffered losses that are covered under the fidelity bond. Specifically,

Centrix alleges that, from approximately 2002 to 2006, five former officers of Centrix Financial, LLC, Robert Sutton, John Schreven, Roland Anderson, Gerald Fitzgerald, and Howard Klemmer, fraudulently diverted "at least $83,000,000" from Centrix, Docket No. 1 at 22, ¶ 2, that the losses were covered by the fidelity bond, *id.* at 42, ¶ 93, and that defendants have refused to satisfy their obligations under the bond. *Id.* at 41, ¶ 87. Centrix brings claims for breach of contract, declaratory judgment, and specific performance. *See generally id.* As relevant to the various motions in limine currently before the Court, National Union asserts the following defenses: that Centrix filed suit outside of the time allowed under the bond, that many of the alleged losses are expressly excluded by the bond, that the bond does not provide coverage for constructive fraud, and that Centrix failed to provide timely notice of its claim within 60 days as required by the bond. *See* Docket No. 95 at 9-13.

## II. ANALYSIS

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. Federal Rule of Evidence 403 permits courts to exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### A.  Evidence of Alleged Spoliation and Defendants' Motion for Spoliation Sanctions

Centrix moves to exclude evidence of alleged spoliation by non-parties Timothy Boates and two law firms, Squire Sanders & Dempsey (Squire) and Bryan Cave,[1] as well as any evidence of the motion for spoliation sanctions that defendants filed in the bankruptcy court.  See Docket No. 107 at 2.  Defendants' spoliation motion was denied on May 11, 2015.  See Bankruptcy Case No. 09-01150-EEB (Docket No. 279). Defendants respond that, by plaintiffs' admission, Mr. Boates and attorneys at the two law firms played a "central role" in discovering the alleged fraudulent acts of Mr. Sutton, and that evidence of their destruction of documents is relevant to the issue of when Centrix was first put on notice of its claim.  See Docket No. 113 at 2-4.

The bankruptcy court has determined that defendants are not entitled to discovery sanctions, including any adverse inference, for spoliation of evidence.  The Court will not disturb that holding and therefore holds that defendants may not introduce any evidence of their spoliation motion.  Moreover, the Court notes that the bankruptcy judge heard evidence and found that Mr. Boates and the Squire and Bryan Cave attorneys testified credibly that they did not intentionally destroy evidence related to this litigation.  See Bankruptcy Case No. 09-01150-EEB (Docket No. 279 at 14).  The Court finds that the risk of unfair prejudice is substantial if defendants were allowed to

---

[1] Defendants refer to the second law firm as Holme Roberts & Owen.  It appears that Holme Roberts & Owen merged with Bryan Cave in December 2011.  See Heather Draper, *Holme Roberts & Owen to Combine with Bryan Cave*, Denver Business Journal, December 6, 2011, *available at* http://www.bizjournals.com/denver/news/ 2011/12/06/holme-roberts-owen-to-combine-with.html.  For ease of reference, the Court refers to the second law firm as Bryan Cave.

introduce evidence of destruction of documents and holds that defendants will not be permitted to relitigate this issue at trial.

The Court notes, however, that if defendants reasonably believe that the absence of documents has created an inference with respect to a particular witness that no such documents ever existed, defendants may ask to approach the bench and request permission to confront that witness as to why certain documents no longer exist. *See M.D. Mark, Inc.*, No. 01-cv-00413-JLK, 2007 WL 2506645 (D. Colo. Aug. 29, 2007) (permitting limited inquiry at trial into loss of documents but not allowing defendants to characterize those documents in a manner that had been rejected by order of a special master).

### B.  Evidence and Testimony Regarding Centrix's Discovery Misconduct

Centrix moves to exclude evidence concerning a motion to compel and for discovery sanctions that defendants filed on May 29, 2013 related to Centrix's failure to produce documents from third-party law firms. Docket No. 108 at 2. The bankruptcy court granted defendants' motion, ordered production of the relevant documents, and ordered Centrix to pay monetary sanctions. Bankruptcy Case No. 09-01150-EEB (Docket No. 182). Centrix argues that facts related to the sanctions motion are not relevant and that, even if they were, their probative value is substantially outweighed by their prejudicial effect. Docket No. 108 at 3-4. Defendants respond that, because the wrongfully withheld documents "contained the most vivid evidence yet that Plaintiffs manufactured their current 'discovery' story to circumvent the notice requirements in the Bond," evidence of Centrix's prior discovery misconduct is probative of culpability and

"demonstrates an awareness" that Centrix discovered the alleged misconduct before March 2007, barring its lawsuit. Docket No. 113 at 7.

The Court agrees with Centrix that evidence that Centrix withheld (but eventually produced) certain documents is substantially more prejudicial than probative. If, as defendants suggest, Centrix willfully obstructed discovery of the documents that were the most damaging to its case, then the documents should speak for themselves. Moreover, the Court finds that the probative value of such evidence is substantially outweighed by the danger of unfair prejudice. Defendants' theory of how Centrix's discovery conduct is relevant is that it "demonstrates an awareness that there is something to hide." Docket No. 113 at 7. Defendants' theory would invite the jury to determine the issue of notice not based on the evidence, but based on insinuations concerning the character of Centrix's officers and attorneys. References to defendants' motion to compel or the bankruptcy court's order regarding it are inadmissible.

### C.  Evidence and Testimony Regarding Foley & Lardner LLP's Engagement with Plaintiffs

Centrix moves to exclude information about (1) Foley & Lardner LLP's ("Foley") engagement in this action, including its contingency fee arrangement with Centrix, (2) filings regarding potential insurance bad faith claims, and (3) Foley's withdrawn motion to withdraw as counsel in this action. Docket No. 109 at 3-4. Only the contingency fee issue is contested. Defendants argue that Foley "played an integral role in the creation of the claim in this case" because, after Foley attorney Michael Richman received an email from an attorney at another firm that opined that Centrix had no timely insurance claims, an unnamed Foley attorney responded that Centrix should not cancel the fidelity

bond because "Foley [thought] there [was] coverage available under that policy." Docket No. 113 at 9-10. According to defendants, the contingency fee arrangement is evidence of Foley's incentive to "develop a scheme to retroactively manufacture 'timely' discovery," to fail to issue litigation holds, and to obstruct discovery. *Id.* at 10.

The Court finds that Foley's contingency fee arrangement is not relevant evidence. Defendants do not provide any evidence of Foley's professional misconduct in "retroactively manufacturing" evidence of timely discovery. Foley's contingency fee arrangement has no tendency to make more or less probable any fact that is of consequence in determining this action.

### D. Evidence Regarding Outings to Strip Clubs, Alleged Harassment, and Proposed Trial Exhibit No. 167

Centrix's fourth motion in limine seeks to exclude (1) evidence of alleged trips to strip clubs by members of the Centrix senior executive team, including Timothy Boates, (2) evidence regarding Centrix employee Mary Graves' complaint of harassment against the senior executive team, and (3) trial exhibit 167, which appears to be an unsigned, partial complaint of Ms. Graves concerning allegations of harassment. Docket No. 110 at 2-3. Defendants respond that the "lewd and harassing behavior" of Centrix senior executives is probative of motive to portray Mr. Sutton as a "bad actor." Docket No. 113 at 10-11. In support, defendants point to the deposition of Kevin Barry, a senior executive, who stated that he believed that Ms. Graves' allegations were part of a "smear campaign" and that Ms. Graves "obviously colluded . . . with Bob Sutton" to damage Mr. Barry's and Mr. Boates' reputations. *Id.* According to defendants, this evidence shows that Mr. Barry was "feuding" with Mr. Sutton before Centrix filed its

proof of loss with defendants and therefore had motive to cast Mr. Sutton as a bad actor. *Id.*

Defendants' argument that Mr. Barry's comments demonstrate a motive to make Mr. Sutton the "fall guy" is far too attenuated to satisfy Rule 401's relevance requirements. Moreover, even if the Court were to credit defendants' theory concerning Mr. Barry's response to Ms. Graves' allegations, defendants have not explained why either the details of Ms. Graves' complaint or evidence that Centrix officials went to strip clubs are probative of Mr. Barry's motive to blame Mr. Sutton for Centrix's insolvency. The Court sees no purpose for defendants' proposed evidence other than to cast Centrix executives in a negative light. Such evidence, even if relevant, is inadmissible under Rule 403 since its probative value is substantially outweighed by undue prejudice to Centrix. The Court, therefore, grants Centrix's motion.

### III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiffs Centrix Financial Liquidating Trust and Jeffrey A. Weinman's First Motion in Limine [Docket No. 107] is **GRANTED**.  Defendants will not be permitted to introduce evidence or argument concerning destruction of documents without first seeking the express permission of the Court with respect to particular witnesses.  It is further

**ORDERED** that plaintiffs Centrix Financial Liquidating Trust and Jeffrey A. Weinman's Second Motion in Limine [Docket No. 108] is **GRANTED**.  It is further

**ORDERED** that plaintiffs Centrix Financial Liquidating Trust and Jeffrey A. Weinman's Third Motion in Limine [Docket No. 109] is **GRANTED**.  It is further

**ORDERED** that plaintiffs Centrix Financial Liquidating Trust and Jeffrey A. Weinman's Fourth Motion in LImine [Docket No. 110] is **GRANTED**.

DATED May 26, 2015.

                                    BY THE COURT:

                                    s/Philip A. Brimmer
                                    PHILIP A. BRIMMER
                                    United States District Judge