IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-01542-PAB-CBS

In re: CENTRIX FINANCIAL, LLC, et al.,

CENTRIX FINANCIAL LIQUIDATING TRUST, and
JEFFREY A. WEINMAN in his capacity as Trustee for the Centrix Financial
Liquidating Trust,

    Plaintiffs,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and
AIG DOMESTIC CLAIMS, INC.,

    Defendants.

## ORDER

This matter is before the Court on the Motion to Exclude Certain Expert Testimony [Docket No. 111] filed by plaintiffs Centrix Financial Liquidating Trust and Jeffrey Weinman, in his capacity as Trustee for the Centrix Financial Liquidating Trust (collectively, "Centrix").  Centrix seeks to exclude the opinions of four of defendants' experts, John J. Tomaine, Stacy Kinsel, William Roberts, and Dean Felton, on the grounds that they are "improper legal opinions that are not helpful to the jury," Docket No. 123 at 8, and otherwise inadmissible under Rule 702 of the Federal Rules of Evidence.  Relevant factual background about this case is described in the Court's various orders on the parties' motions in limine, *see* Docket Nos. 159, 166, 175, and will not be recited here.

## I. ANALYSIS

Plaintiffs challenge the admissibility of defendants' expert reports and testimony on several grounds. First, that defendants' experts impermissibly state legal conclusions on ultimate issues by applying the law to the facts of the case. Docket No. 111 at 7. Second, that the expert opinions are inadmissible under Fed. R. Evid. 702 as not "helpful" because the jury is capable of deciding the issues without the benefit of expert testimony. *Id.* at 8 (citing *N. Am. Specialty Ins. Co. v. Britt Paulk Ins. Agency, Inc.*, 579 F.3d 1106, 1111-12 (10th Cir. 2009)). Third, that the Tenth Circuit bars expert testimony regarding whether conduct is or is not covered under an insurance policy. *Id.* at 7. Fourth, that expert opinions that apply the facts to the law invade the province of the court in instructing the jury on the law. Docket No. 123 at 5-6. And fifth, that defendants' experts' opinions are cumulative. Docket No. 111 at 9.

### A.  Tomaine

Centrix's motion specifically challenges Mr. Tomaine's opinion that there is no coverage under the fidelity bond on the basis that this opinion is a legal conclusion. *See* Docket No. 111 at 4-5. The Court agrees. Expert testimony is not proper "when the purpose of testimony is to direct the jury's understanding of the legal standards upon which their verdict must be based." *Specht v. Jensen*, 853 F.2d 805, 810 (10th Cir. 1988). Thus, "[w]hile testimony on ultimate facts is authorized under Rule 704 . . . testimony on ultimate questions of law is not favored." *Id.* at 808. The basis for the distinction is that testimony on the ultimate factual questions aids the jury in reaching a verdict, while testimony that articulates and applies the relevant law circumvents the

2

jury's decision-making function by "telling it how to decide the case." *Id.* Mr. Tomaine's ultimate opinion on the issue of coverage is an impermissible "legal conclusion[] drawn by applying the law to the facts." *United States v. Bedford*, 536 F.3d 1148, 1158 (10th Cir. 2008).

Plaintiffs specifically challenge Mr. Tomaine's conclusion that Mr. Sutton was the alter ego of Centrix as an impermissible legal conclusion. Docket No. 111 at 5. The Court agrees. The ultimate conclusion that Mr. Sutton was Centrix's alter ego is impermissible. *Amari Co. v. Burgess*, 2012 WL 5389787 at *15 (N.D. Ill. Nov. 2, 2012) (holding that an expert's "thoughts on the proper application of the alter ego doctrine are well beyond the realm of valid expert opinion"); *see also HBC Ventures, LLC v. Holt MD Consulting, Inc.*, 2012 WL 4483625 at *8 (E.D.N.C. Sept. 27, 2012) (holding that the portions of expert's opinion that opined on alter ego status "plainly constitute legal conclusions"); *Lim v. Miller Parking Co.*, 526 B.R. 202, 217 (E.D. Mich. 2015) ("direct testimony by the experts that involves application of the governing law to the facts or analysis of whether the various "factors" relevant to *alter ego* determination have been satisfied will be excluded."). Mr. Tomaine is, however, free to testify about the significance of certain events as it relates to Centrix's failure to observe corporate formalities. *See Lim*, 526 B.R. at 217 (excluding conclusion regarding alter ego status but acknowledging that "[t]estimony about the significance of certain transactions and their conformance (or lack of conformance) with prudent and customary practices of corporate governance is permissible").

Regarding the remainder of Mr. Tomaine's testimony, the Court finds that it does not satisfy Rule 702's requirement that expert testimony be "helpful[] to the trier of fact." *Werth v. Makita Elec. Works, Ltd.*, 950 F.2d 643, 648 (10th Cir. 1991). "[W]here . . . expert testimony is offered on an issue that a jury is capable of assessing for itself, it is plainly within the trial court's discretion to rule that testimony inadmissible because it would not even marginally assist the trier of fact." *Thompson v. State Farm Fire & Cas. Co.*, 34 F.3d 932, 941 (10th Cir. 1994). Mr. Tomaine's report consists almost entirely of him examining the evidence in the case and drawing conclusions of fact and law therefrom. For example, Mr. Tomaine's conclusion that many of Mr. Sutton's decisions do not constitute fraudulent acts is not based on his independent legal or business expertise, but rather on the testimony of Timothy Boates that Mr. Sutton's acts had legitimate business purposes. *See* Docket No. 111-1 at 22. Defendants show no reason why such testimony will be helpful to the jury's independent assessment, and the Court sees none. The jury is perfectly capable of assessing the information included in Mr. Tomaine's report on its own, with the benefit of the Court's instruction on the appropriate law. *N. Am. Specialty Ins. Co.*, 579 F.3d at 1112 (affirming district court's exclusion of expert testimony that "compared [an] insurance company's actions to the industry standard" on the grounds that the jury was capable of deciding the case without such testimony). As such, the Court will exclude Mr. Tomaine's testimony.

### B. Felton

Centrix argues that Mr. Felton's conclusion that there is no coverage for the bond claim or indemnity due to Centrix is an impermissible legal conclusion. Docket No. 111

at 5-6. The Court agrees with respect to Mr. Felton's opinions as to liability and indemnity. These are conclusions drawn by applying the law to the facts, which are inadmissible.

Mr. Felton's opinions regarding the fraudulent nature of Centrix's claimed losses, *see* Docket No. 11-1 at 65-68, are admissible to the extent that Mr. Felton's testimony concerns whether such transactions had a legitimate business purpose. Any resulting opinions concerning whether such losses are covered under the fidelity bond, however, are inadmissible as improperly invading the province of the jury.

The Court finds that the remainder of Mr. Felton's testimony is inadmissible because it does not meaningfully assist the trier of fact. As noted in regard to Mr. Tomaine, the jury will be able to assess the information and testimony noted in Mr. Felton's report without the need for expert testimony.

### C. Roberts

Regarding Mr. Roberts, Centrix objects to him characterizing various transfers and expenditures as not "dishonest, fraudulent or wrongful conduct." Docket No. 111 at 6. Such opinions are admissible since they would assist the trier of fact in understanding the nature of the transactions and the LLC context in which they took place. Mr. Roberts, however, may not reference other opinions of defendants' experts or conclusions for which he has no personal expertise.

### D. Kinsel

Centrix's one-sentence challenge to the report of Ms. Kinsel is that she opines that the losses alleged in the complaint "do not appear to be the results of dishonest or

fraudulent conduct." Docket No. 111 at 6.  Ms. Kinsel's report reviews the categories of losses claimed by Centrix as the result of fraud and examines whether such losses were fraudulent, properly accounted for, and disclosed.  *See, e.g.,* Docket No. 111-1 at 91 (concluding that unreimbursed credit card payments made by Centrix were "not unusual for Centrix" and "appear to be properly recorded, i.e. against member withdrawals, related party receivables, and disclosed to its members and/or Management through Centrix accounting records").  Although a broad conclusion such as "Centrix was not the victim of fraud" approaches the level of a legal conclusion, defendants may properly introduce evidence through competent expert testimony that particular transactions were not fraudulent since such evidence will assist the jury in determining the nature of the transactions and the extent to which they were disclosed and accounted for.  Centrix's motion is therefore denied with respect to Ms. Kinsel's expert report and testimony.  Centrix is free to object at trial to any question that it believes calls for a legal conclusion.

## II. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiffs Centrix Financial Liquidating Trust and Jeffrey A. Weinman in his capacity as Trustee for the Centrix Financial Liquidating Trust's Motion to Exclude Certain Expert Testimony Regarding Questions of Law and Issues to be Decided by the Jury [Docket No. 111] is **GRANTED** in part and **DENIED** in part.  It is granted in part with respect to the opinions of John J. Tomaine and Dean Felton as

described in this Order. It is denied with respect to the opinions of William Roberts and Stacy Kinsel.

DATED June 3, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge