IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-01542-PAB-CBS

In re: CENTRIX FINANCIAL, LLC, et al.,

CENTRIX FINANCIAL LIQUIDATING TRUST, and
JEFFREY A. WEINMAN in his capacity as Trustee for the Centrix Financial
Liquidating Trust,

    Plaintiffs,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and
AIG DOMESTIC CLAIMS, INC.,

    Defendants.

## ORDER

This matter is before the Court on the Objections to Proposed Order Denying Spoliation Sanctions [Docket No. 156] filed by defendants National Union Fire Insurance Company of Pittsburgh, PA ("National Union") and AIG Domestic Claims, Inc. (collectively, "defendants").

In October 2014, defendants moved for spoliation sanctions against plaintiffs in the bankruptcy court related to the alleged destruction of documents by non-parties Timothy Boates and two law firms, Squire Sanders & Dempsey (Squire) and Bryan Cave. Bankruptcy Case No. 09-1150-EEB (Docket No. 226). The bankruptcy court held a two-day evidentiary hearing on defendants' motion on March 5 and 6, 2015, *see id.* (Docket Nos. 268, 270), and denied defendants' motion on May 11, 2015. *Id.* (Docket No. 279).

Defendants object to the bankruptcy court's order, which they characterize as a "proposed order," on the grounds that the bankruptcy court's authority in this case is limited to "submitting proposed findings of fact and conclusions of law" to the Court. Docket No. 156 at 1 (citing 28 U.S.C. § 157(c)(1)).  In the alternative, defendants seek to style their objections as an appeal of the bankruptcy court's order.  *See id.*

The Court finds that defendants' filing is procedurally improper.  The bankruptcy court's ruling was not a proposed order.  *See* Bankruptcy Case No. 09-1150-EEB (Docket No. 279).  Pursuant to the Supreme Court's recent decision in *Wellness Int'l Network, Ltd. v. Sharif*, "Article III is not violated when the parties knowingly and voluntarily consent to adjudication by a bankruptcy judge." --- S.Ct. ----, 2015 WL 2456619 at *3 (May 25, 2015). Defendants' decision to file their motion for spoliation sanctions in the bankruptcy court constitutes knowing and voluntary implied consent. *Id.* at *12 (holding that consent to adjudication by a bankruptcy court may be implied so long as it is knowing and voluntary).[1]

The Court likewise rejects defendants' attempt to characterize their objections to the order as an appeal.  Local Bankruptcy Rule 8000-1 (as adopted by General Procedure Order Number 2015-2) states that a party filing an appeal must file "an original Notice of Appeal and Statement of Election in substantial conformity with the appropriate Official Form" with the clerk of the bankruptcy court within fourteen days of

---

[1] The Court notes that, although defendants filed a motion for withdrawal of reference that the Court denied, such denial was without prejudice, and defendants never re-filed their motion.  *See* Docket No. 26.  The Court further notes that, in the final pretrial order, defendants stated that they filed a motion for spoliation sanctions in the bankruptcy court and did not indicate any qualifications in the bankruptcy court's ability to finally resolve that motion.  *See* Docket No. 95 at 14.

the order (the time allotted by Fed. R. Bankr. P. 8002) and must submit the appropriate fee to the bankruptcy court. D.C.Colo.L.B.R. 8000-1(a), (c). Based on the Court's review of the bankruptcy court's docket, there is no indication that defendants have attempted to comply with these requirements.

Because defendants' filing is procedurally improper, whether the Court construes it as an objection to the bankruptcy court's order or an appeal of that order, the Court declines to consider it on the merits. Defendants' objections are overruled.

DATED June 4, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge