IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-01542-PAB-CBS

In re: CENTRIX FINANCIAL, LLC, et al.,

CENTRIX FINANCIAL LIQUIDATING TRUST, and
JEFFREY A. WEINMAN in his capacity as Trustee for the Centrix Financial Liquidating Trust,

    Plaintiffs,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and
AIG DOMESTIC CLAIMS, INC.,

    Defendants.

_____

**ORDER REGARDING DEFENDANTS' OBJECTIONS TO PLAINTIFFS' DESIGNATIONS OF DEPOSITION TESTIMONY**
_____

This matter comes before the court on Defendants' Restated Objections to Plaintiffs' Deposition Designations [Docket No. 151].  The Court has reviewed the objections and rules as follows:

| \ | DEPOSITION OF TIM BOATES - 2012 | | |
|---|---|---|---|
| Item # | Testimony | Objection | Ruling |
| 1 | 176:22 to 188:6 | Rule 602 (speculating about intent of other people in entering into agreements long before Boates joined Centrix); Rule 701 (improper lay opinion); Rule 402 (Boates' opinion as to others' motive irrelevant); Rule 403 (any marginal probative value of Boates' speculation as to motives of others substantially outweighed by danger of unfair prejudice) | Overruled.  His answers are responsive to questions asked and his views of the payments are relevant. |

| Item # | Testimony | Objection | Ruling |
|---|---|---|---|
| 2 | 275:7 to 276:2 | Rule 602 (Lack of personal knowledge as to intent of another person who drafted document) | Sustained. Also, speculative. |
| 3 | 288:6 to 289:6 | Rule 404(a)(1) (improper character evidence); Rule 701 (improper lay opinion) | Sustained. |
| 4 | 291:22 to 292:14 | Rule 602 (speculating about intent of other people in entering into agreements long before Boates joined Centrix); Rule 701 (improper lay opinion); Rule 402 (Boates' opinion as to others' motive irrelevant); Rule 403 (any marginal probative value of Boates' speculation as to motives of others substantially outweighed by danger of unfair prejudice) | Sustained. |

### DEPOSITION OF GREGG CARIOLANO - 2012

| Item # | Testimony | Objection | Ruling |
|---|---|---|---|
| 5 | 43:6 to 45:5 | Rule 404(b) (because testimony relates only to alleged wrongs committed against Lyndon that did not injure Centrix and are not compensable in this case, this is impermissible character evidence concerning other alleged wrongful acts); Rule 602 (no personal knowledge; only relating statements made to him by others); Rule 802 (testimony based on hearsay statements he heard from others); Rule 402 (irrelevant because does not relate to any loss suffered by Centrix); Rule 403 (any marginal probative value of wrongs done to Lyndon substantially outweighed by danger of unfair prejudice) | Overruled. |

| | | | |
|---|---|---|---|
| 6 | 45:17 to 46:1 | Rule 404(b) (because testimony relates only to alleged wrongs committed against Lyndon that did not injure Centrix and are not compensable in this case, this is impermissible character evidence concerning other alleged wrongful acts); Rule 602 (no personal knowledge; only relating statements made to him by others); Rule 802 (testimony based on hearsay statements he heard from others); Rule 402 (irrelevant because does not relate to any loss suffered by Centrix); Rule 403 (any marginal probative value of wrongs done to Lyndon substantially outweighed by danger of unfair prejudice) | Overruled. |
| 7 | 56:8 to 57:15 | Rule 404(b) (because testimony relates only to alleged wrongs committed against Lyndon that did not injure Centrix and are not compensable in this case, this is impermissible character evidence concerning other alleged wrongful acts); Rule 602 (no personal knowledge; only relating statements made to him by others); Rule 802 (testimony based on hearsay statements he heard from others); Rule 402 (irrelevant because does not relate to any loss suffered by Centrix); Rule 403 (any marginal probative value of wrongs done to Lyndon substantially outweighed by danger of unfair prejudice) | Overruled. |
| 8 | 60:11-23 | Rule 402 (irrelevant because does not relate to any loss suffered by Centrix); Rule 403 (any marginal probative value of wrongs done to Lyndon substantially outweighed by danger of unfair prejudice) | Overruled. |

| 9 | 83:23 to 85:13 | Rule 602 (witness admits he lack personal knowledge of subject matter of testimony); Rule 802 (testimony based on hearsay statements he heard from others); Rule 402 (irrelevant because does not relate to any loss suffered by Centrix); Rule 403 (any marginal probative value of wrongs done to Lyndon substantially outweighed by danger of unfair prejudice) | Sustained. |

| **DEPOSITION OF KAYLEEN CARMODY - 2012** | | | |
|---|---|---|---|
| Item # | Testimony | Objection | Ruling |
| 10 | 35:1 to 36:3 | Rule 404(b) (because testimony relates only to alleged wrongs committed against Lyndon that did not injure Centrix and are not compensable in this case, this is impermissible character evidence concerning other alleged wrongful acts); Rule 402 (irrelevant because does not relate to any loss suffered by Centrix); Rule 403 (any marginal probative value of wrongs done to Lyndon substantially outweighed by danger of unfair prejudice) | Overruled. |
| 11 | 82:19 to 85:18 | Rule 404(b) (because testimony relates only to alleged wrongs committed against Lyndon that did not injure Centrix and are not compensable in this case, this is impermissible character evidence concerning other alleged wrongful acts); Rule 402 (irrelevant because does not relate to any loss suffered by Centrix); Rule 403 (any marginal probative value of wrongs done to Lyndon substantially outweighed by danger of unfair prejudice) | Overruled. |

| 12 | 158:9 to 158:13 | Rule 404(b) (because testimony relates only to alleged wrongs committed against Lyndon that did not injure Centrix and are not compensable in this case, this is impermissible character evidence concerning other alleged wrongful acts); Rule 402 (irrelevant because does not relate to any loss suffered by Centrix); Rule 403 (any marginal probative value of wrongs done to Lyndon substantially outweighed by danger of unfair prejudice); | Overruled. |
|---|---|---|---|
| 13 | 159:9 to 160:6 | Rule 608(a) (Bolstering) | Sustained. |

DATED June 4, 2015.

BY THE COURT:

　s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge