**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO**

**By Judge Philip A. Brimmer**

Civil Action 09-cv-1542-PAB-CBS

In re:  CENTRIX FINANCIAL, LLC, et al.,

CENTRIX FINANCIAL LIQUIDATING

TRUST, and
JEFFREY A. WEINMAN in his capacity
as Trustee for the Centrix Financial
Liquidating Trust,

       *Plaintiffs*,

   v.

NATIONAL UNION FIRE
INSURANCE COMPANY OF
PITTSBURGH, PA, and AIG
DOMESTIC CLAIMS, INC.,

       *Defendants*.

---

**ORDER REGARDING DEFENDANTS' OBJECTIONS TO PLAINTIFFS' COUNTER DEPOSITION DESIGNATIONS FOR TRIAL AS TO GEORGE BLUME, BRONCE BREAZEALE, FRED DAIRMAN, AND CARL GRANT**

This matter comes before the Court on Defendants' Objections to Plaintiffs' Counter Deposition Designations for Trial [Docket No. 161]. The Court has reviewed the objections and rules as follows as to the depositions of George Blume, Bronce Breazeale, Fred Dairman, and Carl Grant:

1

| **DEPOSITION OF GEORGE BLUME - 4-16-2012** ||||
|---|---|---|---|
| Item # | Testimony | Objection | Ruling |
|  | 60:24 to 62:21 | Rule 602: Foundation, Lacks Personal Knowledge; Rule 401: Relevance | Sustained - foundation |
|  | 64:13-20 | Rule 402: Relevance; Rule 403: Prejudice; Rule 602: Lacks Personal Knowledge | Sustained – foundation |
|  | 64:21 to 66:2 | Rule 402: Relevance; Rule 403: Prejudice | Sustained – foundation |
|  | 68:19-23 | Rule 602: Lacks Personal Knowledge | Sustained – foundation |
|  | 81:10 to 82:22 | Rule 402: Relevance; Rule 403: Prejudice; Rule 602: Lacks Personal Knowledge | Sustained – foundation |
|  | 89:15 to 91:17 | Rule 602: Foundation, Lacks Personal Knowledge; Rule 402: Relevance | Overruled |
|  | 110:10-19 | Rule 402: Relevance; Rule 403: Prejudice | Sustained - foundation |
|  | 137:23 to 139:2 | Rule 402: Relevance; Rule 403: Prejudice, Confusion | Overruled |
|  | 141:7-10 | Rule 602: Speculation, Lacks Personal Knowledge | Sustained |
|  | 141:17 to 144:22 | Rule 602: Foundation, Lacks Personal Knowledge; Rule 402: Relevance; Rule 403: Prejudice, Confusion | 141:17-143:5 - Sustained; 143:7-144:22- Overruled |
|  | 149:1 to 151:4 | Rule 602: Foundation, Lacks Personal Knowledge; Rule 402: Relevance; Rule 403: Prejudice, Confusion | 149:1-150:25 – Overruled; 151:1-151:4 – Sustained. Assumes facts not in evidence. |
|  | 157:12 to 161:12 | Rule 402: Relevance; Rule 602: Foundation, Lacks Personal Knowledge; Rule 403: Prejudice, Confusion | Overruled |

|  | 161:18 to 162:9 | Rule 402: Relevance; Rule 403: Prejudice, Confusion | Overruled |
|---|---|---|---|
|  | 162:22 to 165:8 | Rule 106: Completeness (need to add 165:9-19) | Sustained |

| **DEPOSITION OF BRONCE BREAZEALE - 1-10-2012** | | | |
|---|---|---|---|
| **Item #** | **Testimony** | **Objection** | **Ruling** |
| | All Designations | Rule 602: Lacks Personal Knowledge, Speculation; Rule 402: Relevance; Rule 403: Prejudice<br><br>As a general matter, Mr. Breazeale was the supervisor for Carl Grant, the AIG employee who handled the underlying fidelity bond claim. Evidence of claims handling is irrelevant to the question of coverage.<br><br>In addition, Mr. Breazeale lacks personal knowledge of the claim or how it was handled. *See, e.g.*, the following excerpts from Mr. Breazeale's deposition<br><br>57:9-20 and 72:19-24 -- Mr. Breazeale testified that he had little or no recollection of the Centrix fidelity bond claim.<br><br>76:5-12 -- Mr. Breazeale testified that he had no recollection of seeing the proof of loss.<br><br>121:10-14 -- Mr. Breazeale testified that he does not recall any actions that he took to investigate the claim. | As a general objection to all of his testimony, overruled. |
| | 21:4 to 23:2 | Rule 402: Relevance; Rule 403: Prejudice, Confusion (because the questions relate to completely different types of policies and a different job that Mr. Breazeale began in April of 2009) | Sustained |
| | 34:11 to 35:15 | Rule 402: Relevance (the witness' settlement authority has no bearing on the question of coverage in this case); Rule 403: Prejudice; Rule 408: Settlement Evidence Irrelevant | Sustained |

| | | | |
|---|---|---|---|
| | 40:17-22 | Rule 106: Completeness (need to add the complete answer, which includes 40:16) | Sustained |
| | 56:5-8 | Rule 402: Relevance; Rule 403: Prejudice, Confusion (the question is vague and unclear); Rule 106: Completeness (Plaintiffs did not include the answer at 56:11, which is required if the objection is not sustained) | Sustained as to 56:5-56:20 |
| | 56:22 to 57:2 | Rule 402: Relevance; Rule 403: Prejudice, Confusion; Rule 602: Foundation (assumes facts not in evidence); Rule 106: Completeness (Plaintiffs have omitted the answer at 57:5-6 which be required in any event) | Sustained |
| | 60:5-19 | Rule 602: Foundation (assumes facts not in evidence); Rule 402: Relevance; Rule 403: Prejudice, Confusion | Sustained – foundation |
| | 69:5-18 | Rule 106: Completeness (omitted the first three lines of the question, need to add 69:1-4) | Overruled, but sustained as to foundation |
| | 74:5 to 75:14 | Rule 402: Relevance; Rule 403: Prejudice, Confusion (these questions and answers bear no relationship to the coverage question at issue in this case) | Sustained |
| | 77:18 to 78:22 | Rule 402: Relevance (when an electronic filing system went into place bears no relationship to the coverage dispute at issue in this case); Rule 403: Prejudice, Confusion | Sustained |
| | 79:8 to 80:6 | Rule 402: Relevance (when an electronic filing system went into place bears no relationship to the coverage dispute at issue in this case); Rule 403: Prejudice, Confusion | Sustained |

| | | | |
|---|---|---|---|
| | 85:10-17 | Rule 402: Relevance; Rule 403: Prejudice, Confusion (the witness answers the question right after the break and this exchange will needlessly confuse the jury) | Sustained |
| | 86:2-9 | Rule 402: Relevance; Rule 403: Prejudice, Confusion (because the question is rephrased immediately after so this exchange is unnecessarily confusing) | Overruled |
| | 87:22 to 89:13 | Rule 402: Relevance; Rule 403: Prejudice, Confusion (asking a witness about properly redacted documents is unnecessarily confusing and prejudicial) | Sustained |
| | 99:13-25 | Rule 402: Relevance; Rule 403: Prejudice (evidence pertaining to any reserve that was set is irrelevant and certainly more prejudicial and prone to jury confusion) | Sustained |
| | 103:15 to 104:24 | Rule 402: Relevance; Rule 403: Prejudice (questions regarding reserves that were set are irrelevant and prejudicial) | Sustained |
| | 106:9-11 | Rule 402: Relevance; Rule 403: Prejudice (questions regarding reserves that were set are irrelevant and prejudicial) | Sustained |
| | 108:19 to 110:9 | Rule 402: Relevance; Rule 403: Prejudice, Confusion (information and questions regarding settlement authority is wholly unrelated to the question of coverage in this case); Rule 408: Settlement Authority | Sustained |
| | 115:23 to 117:9 | Rule 402: Relevance; Rule 403: Prejudice (the jury will be confused by references to proper redactions and the question pertaining to reserve information) | Sustained |
| | 121:20 to 122:11 | Rule 602: Foundation, Lacks Personal Knowledge (assumes facts not in evidence); Rule 611(a): Misstates Prior Testimony | Sustained |

| | Testimony | Objection | Ruling |
|---|---|---|---|
| | 127:2-20 | Rule 402: Relevance; Rule 403: Prejudice, Confusion (the question is vague and unclear and form objection is preserved) | Sustained |
| | 129:7 to 131:7 | Rule 402: Relevance; Rule 403: Prejudice, Confusion; Rule 408: Settlement, Reserve Authority (information has no bearing on coverage for the claim) | Sustained |
| | 133:20 to 134:22 | Rule 602: Foundation; Rule 402: Relevance: Rule 403: Prejudice, Confusion | Sustained |
| | 134:23 to 136:20 | Rule 602: Foundation; Rule 402: Relevance: Rule 403: Prejudice, Confusion | Overruled |
| | 140:7-23 | Rule 402: Relevance; Rule 403: Prejudice, Confusion (questioning regarding reserves and redactions is unrelated to the coverage question before the jury) | Sustained |
| | 141:9 to 143:4 | Rule 602: Foundation (witness cannot identify the document and has never seen it before); Rule 402: Relevance; Rule 403: Prejudice | Overruled |
| | 143:5-18 | Rule 602: Foundation | Sustained |
| | 144:21 to 145:7 | Rule 602: Foundation (calls for speculation) | Sustained |

| **DEPOSITION OF FRED DAIRMAN - 1-11-2012** | | | |
|---|---|---|---|
| Item # | Testimony | Objection | Ruling |
| | All Designations | Rule 402: Relevance; Rule 403: Prejudice, Confusion; Rule 602: Foundation, Lacks Personal Knowledge (on page 46:11-14, Mr. Dairman testified that he did not have any responsibility for issuing coverage opinions or deciding on a coverage position) | Generally, as to this witness's answers, overruled. |

7

| | Testimony | Objection | Ruling |
|---|---|---|---|
| | 44:5-25 | Rule 402: Relevance; Rule 403: Prejudice | Sustained |
| | 45:22 to 47:4 | Rule 106: Completeness (need to add 46:15-20; 47:5-9; 49:18-25; 50:1-2) | Overruled |
| | 51:9-13 | Rule 106: Completeness (need to add 52:16-18; 52:23 to 53:13) | Overruled |
| | 57:22 to 59:22 | Rule 106: Completeness (need to add 57:17-21) | Overruled |
| | 60:8 to 61:15 | Rule 402: Relevance; Rule 403: Prejudice; Rule 602: Foundation, Lacks Personal Knowledge | Sustained |
| | 61:25 to 62:14 | Rule 402: Relevance; Rule 403: Prejudice, Confusion | Sustained |
| | 66:21 to 69:3 | Rule 403: Relevance; Rule 602: Foundation, Lacks Personal Knowledge | Overruled |
| | 73:3 to 75:2 | Rule 602: Foundation; Rule 402: Relevance | Sustained |
| | 84:24 to 89:8 | Rule 602: Foundation; Rule 402: Relevance; Rule 403: Prejudice, Confusion | Overruled |
| | Generally for completeness | Rule 106: Completeness (need to add 93:2-6 to clarify that witness did not have any other documents that were not produced) | Overruled |

| DEPOSITION OF CARL GRANT - 1-5-2012 | | | |
|---|---|---|---|
| Item # | Testimony | Objection | Ruling |
| | 53:14 to 54:21 | Rule 1002: Best Evidence | Overruled |
| | 55:5 to 10 | Rule 1002: Best Evidence | Overruled |
| | 56:4-13 | Rule 611: Vague (confusing) | Overruled |
| | 67:7 to 69:10 | Rule 611: Vague (asked and answered) | Overruled |

8

| | | | |
|---|---|---|---|
| | 73:24 to 74:7 | Rule 602: Lacks Personal Knowledge, Speculation | Overruled |
| | 75:9 to 76:22 | Rule 402: Relevance (any claim under D&O policy is not subject of the lawsuit); Rule 403: Prejudice (any marginal probative value substantially outweighed by danger of unfair prejudice in confusion | Sustained – relevance |
| | 101:18 to 109:25 | Rule 402: Relevance; Rule 403: Prejudice (any marginal probative value substantially outweighed by danger of unfair prejudice in confusion to jury) | Sustained – relevance |
| | 122:7-11 | Rule 1002: Best Evidence | Overruled |
| | 139:3-6 | Rule 1002: Best Evidence | Overruled |
| | 141:20 to 145:8 | Rule 402: Relevance; Rule 403: Prejudice (any marginal probative value substantially outweighed by danger of unfair prejudice in confusion to jury); Rule 802: Hearsay (testimony premised on hearsay statements) | Sustained |
| | 145:25 to 149:19 | Rule 402: Relevance; Rule 403: Prejudice (any marginal probative value substantially outweighed by danger of unfair prejudice in confusion to jury); Rule 602: Lacks Personal Knowledge, | Sustained – relevance |
| | 175:2-7 | Rule 1002" Best Evidence | Overruled |
| | 180:4-9 | Rule 701: Improper Lay Witness Opinion; Rule 602: Speculation | Sustained |
| | 183:13-19 | Rule 611: Completeness (requires addition of 182:19 to 183:6) | Sustained |
| | 187:10 to 188:8 | Rule 402: Relevance; Rule 403: Prejudice (any marginal probative value substantially outweighed by danger of unfair prejudice in confusion to jury); | Sustained |
| | 189:12-18 | Rule 802: Hearsay (testimony premised on hearsay within hearsay) | Overruled |
| | 190:8-13 | Rule 402: Relevance; Rule 403: Prejudice (any marginal probative value substantially outweighed by danger of unfair prejudice in confusion to jury) | Sustained |
| | 193:5-14 | Rule 402: Relevance; Rule 403: Prejudice (any marginal probative value substantially outweighed by danger of unfair prejudice in confusion to jury) | Sustained |

| | | | |
|---|---|---|---|
| | 193:19 to 194:2 | Rule 402: Relevance; Rule 403: Prejudice (any marginal probative value substantially outweighed by danger of unfair prejudice in confusion to jury) | Sustained |
| | 197:3 to 198:4 | Rule 701: Improper Lay Witness Opinion; Rule 602: Lacks Personal Knowledge, Speculation; Rule 611: Vague | Overruled |
| | 201:9-19 | Rule 402: Relevance; Rule 403: Prejudice (any marginal probative value substantially outweighed by danger of unfair prejudice in confusion to jury) | Sustained |
| | 208:3-20 | Rule 602: Lacks Personal Knowledge, Speculation; Rule 802: Hearsay (testimony premised on hearsay | Sustained |
| | 209:12-13 | Rule 402: Relevance; Rule 403: Prejudice (any marginal probative value substantially outweighed by danger of unfair prejudice in confusion to jury) | Sustained |
| | 213:5-9 | Rule 402: Relevance; Rule 403: Prejudice (any marginal probative value substantially outweighed by danger of unfair prejudice in confusion to jury) | Sustained |
| | 214:8-19 | Rule 1002: Best Evidence | Overruled |
| | 217:11-13 | Rule 402: Relevance; Rule 403: Prejudice (any marginal probative value substantially outweighed by danger of unfair prejudice in confusion to jury) | Sustained |
| | 219:13-16 | Rule 602: Lacks Personal Knowledge, Speculation; Rule 611: Vague | Sustained |
| | 219:17-19 | Rule 402: Relevance); Rule 403: Prejudice (any marginal probative value substantially outweighed by danger of unfair prejudice in confusion to jury) | Sustained |
| | 220:21-25 | Rule 402: Relevance; Rule 403: Prejudice (any marginal probative value substantially outweighed by danger of unfair prejudice in confusion to jury) | Sustained |
| | 227:16-19 | Rule 402: Relevance; Rule 403: Prejudice (any marginal probative value substantially outweighed by danger of unfair prejudice in confusion to jury) | Sustained |
| | 237:6-17 | Rule 602: Speculation | Sustained |

| | Testimony | Objection | Ruling |
|---|---|---|---|
| | 239:19 to 240:3 | Rule 402: Relevance; Rule 403: Prejudice (any marginal probative value substantially outweighed by danger of unfair prejudice in confusion to jury) | Sustained |
| | 247:7 to 248:4 | Rule 602: Speculation, Lacks Personal Knowledge | Sustained |
| | 248:5-13 | Rule 402: Relevance; Rule 403: Prejudice (any marginal probative value substantially outweighed by danger of unfair prejudice in confusion to jury); Rule 602: Speculation, Lacks Personal Knowledge | Sustained |
| | 248:22 to 249:15 | Rule 402: Relevance; Rule 403: Prejudice (any marginal probative value substantially outweighed by danger of unfair prejudice in confusion to jury); Rule 602: Speculation, Lacks Personal Knowledge | Overruled |
| | 256:2-9 | Rule 602: Speculation, Lacks Personal Knowledge | Sustained |
| | 256:10 to 258:10 | Rule 602: Speculation, Lacks Personal Knowledge | Sustained |

**DEPOSITION OF CARL GRANT - 6-22-2012**

| Item # | Testimony | Objection | Ruling |
|---|---|---|---|
| | All testimony from C. Grant's 6/22/2012 deposition | Virtually the entirety of the designated testimony for Mr. Grant's 6/22/2012 relates to reserves or the setting of reserves for the fidelity bond claim.<br><br>*See, e.g.*, the following deposition excerpts: 311:23 to 319:17; 329:23-25; 332:24 to 335:15 to 339:1; 341:20 to 344:8; 346:15 to 350:2; 351:21 to 352:17; 357:6 to 367:10; 372:10 to 375:3; 379:2 to 382:20; 383:18 to 384:2; 385:14 to 386:2; 388:22 to 393:3; 393:11-18; 394:3-6; 396:1-3; 403:23 to 406:17-20<br><br>Such testimony is irrelevant and not at trial, if there is no bad faith claim. *See* | Generally, overruled |

| | | | |
|---|---|---|---|
| | | *Sunahara v. State Farm Mut. Auto. Ins. Co.*, 280 P.3d 649 (Colo. 2012) (holding that reserves and settlement authority figures are irrelevant to a jury's determination of liability and damages and, thus, not reasonably calculated to lead to the discovery of evidence); *Silva v. Basin W. Inc.*, 47 P.3d 1193 (Colo. 2002) (same in context of third-party action).<br><br>As such the entirety of the designated should be stricken as irrelevant under Rule and prejudicial under Rule 403. | |
| | 310:23 to 314:11; | Rule 402: Relevance (irrelevant testimony related to reserves); Rule 403: Prejudice (any marginal probative value of reserves testimony substantially outweighed by danger of unfair prejudice) | Sustained |
| | 315:1 to 319:19; | Rule 402: Relevance (irrelevant testimony related to reserves); Rule 403: Prejudice (any marginal probative value of reserves testimony substantially outweighed by danger of unfair prejudice) | Sustained |
| | 319:20 to 339:18 | Rule 402: Relevance (irrelevant testimony about executive claims summary, which is only filled out when a reserve is set); Rule 403: Prejudice (any marginal probative value of reserves testimony substantially outweighed by danger of unfair prejudice) | Sustained |
| | 311:15-22 | Rule 602: Speculation; Lacks Personal Knowledge | Sustained |
| | 321:17 to 323:19 | Rule 402: Relevance (irrelevant whether or not Defendant has a reinsurance policy; Rule 403: Prejudice (any marginal probative value substantially outweighed by danger of unfair prejudice in confusion to jury) | Sustained |
| | 335:7-10 | Rule 602: Lacks Personal Knowledge (if question relates to you as in AIG) | Sustained |

| | Testimony | Objection | Ruling |
|---|---|---|---|
| | 337:20 to 339:1 | Rule 402: Relevance; Rule 403: Prejudice (any marginal probative value substantially outweighed by danger of unfair prejudice in confusion to jury) | Sustained |
| | 342:6-10 | Rule 602; Speculation; Lacks Personal Knowledge | Sustained |
| | 343:3-6 | Rule 602; Speculation; Lacks Personal Knowledge | Sustained |
| | 343:19 to 344:4 | Rule 602; Speculation; Lacks Personal Knowledge | Sustained |
| | 354:7 to 355:6 | Rule 402: Relevance; Rule 403: Prejudice (any marginal probative value substantially outweighed by danger of unfair prejudice in confusion to jury) | Sustained |
| | 357:17-23 | Rule 602: Speculation | Sustained |
| | 372:14 to 373:24 | Rule 602: Speculation | Sustained |
| | 385:19 to 386:8 | Rule 402: Relevance; Rule 403: Prejudice (any marginal probative value substantially outweighed by danger of unfair prejudice in confusion to jury) | Sustained |
| | 389:16-23 | Rule 402: Relevance; Rule 403: Prejudice (any marginal probative value substantially outweighed by danger of unfair prejudice in confusion to jury) | Sustained |

| **DEPOSITION OF CARL GRANT - RULE 30(b)(6) - 8-3-2012** ||||
|---|---|---|---|
| **Item #** | **Testimony** | **Objection** | **Ruling** |
| | 14:8-12 | Rule 611: Completeness (mischaracterizes prior testimony) | Overruled |
| | 28:21-25 | Rule 611: Completeness (requires 29:1-16) | Overruled |
| | 38:20-23 | Rule 611: Completeness (requires 38:24 to 39:2) | Overruled |
| | 54:15-17 | Rule 602: Lacks Personal Knowledge, Speculation | Sustained |

DATED June 8, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge